IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

SCHROEDER V. SCHROEDER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CLAYTON B. SCHROEDER, APPELLEE,

V.

MARIA A. SCHROEDER, NOW KNOWN AS MARIA A. MICHAELIS, APPELLANT.

Filed February 11, 2020.    No. A-19-134.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed.

Benjamin E. Maxell, of Govier, Katskee, Suing & Maxell, P.C., L.L.O., for appellant.

Matthew Stuart Higgins, of Higgins Law, for appellee.

MOORE, Chief Judge, and ARTERBURN and WELCH, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Maria A. Schroeder, now known as Maria A. Michaelis, appeals from an order of the District Court for Douglas County, denying her complaint for modification of custody. For the following reasons, we affirm.

## BACKGROUND

Clayton B. Schroeder and Maria were married in June 2002 and divorced in June 2006. The marriage produced one child, Lexi, born in May 2004. The original dissolution decree awarded Clayton and Maria joint physical and legal custody. The decree was subsequently modified several times.

An order of modification, entered on November 9, 2009, required that Lexi have telephone contact with the nonpossessory parent without unreasonable interference. On November 4, 2013,

the district court found Clayton guilty of contempt for failing to comply with this order of modification. However, this order of contempt was later reversed by this court in *Schroeder v. Schroeder*, 22 Neb. App. 856, 863 N.W.2d 491 (2015).

Another order of modification, entered on December 22, 2015, prohibited either parent from scheduling activities for Lexi that would occur during the other parent's parenting time. The same order required that Lexi have one phone call with the nonpossessory parent each day. On June 19, 2017, another order of modification awarded Clayton sole legal custody of Lexi, while Clayton and Maria maintained joint physical custody. Clayton was also awarded $10,000 in attorney fees. Maria appealed from this order of modification. On August 21, 2018, this court affirmed the decision of the district court. *Schroeder v. Schroeder*, 26 Neb. App. 227, 918 N.W.2d 323 (2018).

On November 13, 2017, Clayton filed an affidavit and application for an order to show cause, claiming that Maria failed to pay the attorney fees previously awarded to him. On December 1, Maria filed a verified application for an order to show cause, complaining that Clayton had "grossly, baselessly and steadfastly frustrated [her] parenting rights to the point of near termination" and that Clayton "does not allow [Maria] to access any records related to [Lexi], and essentially has completely eroded [Maria's] ability to conduct basic parenting functions."

An initial hearing was held on December 18, 2017 regarding each party's application to show cause. The matter was resumed on February 9, 2018. During these hearings, Clayton testified that Maria believes that she still has joint legal custody over certain matters, and has unilaterally signed Lexi up for various extracurricular activities, such as swimming and volleyball. Further, Clayton testified that Maria had not paid the $10,000 in attorney fees as ordered by the court in June 2017. Maria testified that she believes the previous order of modification allows her to enroll Lexi in activities during her parenting time. Maria also testified that Clayton has frustrated her parenting rights to the point of termination by not allowing her to make any decisions, prohibiting access to records, and disallowing Maria to conduct basic parenting functions.

The court took the applications to show cause under advisement. While the applications were pending, Clayton filed a motion to restrict Maria's parenting time and electronic communication with Lexi. Clayton also filed a second affidavit and application for an order to show cause, complaining that Maria had enrolled Lexi in extracurricular activities and was encouraging her to lie to and disobey Clayton. A hearing was held on these matters on April 20, 2018. Evidence was presented at the hearing that Maria had enrolled Lexi in a series of "Prep Edge" volleyball training workouts without notifying Clayton or obtaining his permission. The matter was again taken under advisement.

While these matters were under advisement, Maria moved to reopen the evidence regarding the show cause hearing held on April 20, 2018. A further hearing was held on July 9. At the hearing, evidence was presented showing that although Clayton had enrolled Lexi at Roncalli High School, Maria had taken steps to enroll Lexi at Concordia High School. Maria had also been encouraging Lexi to hide electronic communications and had deleted parenting software installed on Lexi's phone by Clayton. The matter was again taken under advisement.

During the pendency of the foregoing applications and motions, Maria filed an application for modification of custody. On August 1 and 2, 2018, a trial was held on Maria's application to

modify the custody order. Maria testified that Clayton was abusing his power and trying to control her parenting time. Maria further requested that the court allow Lexi to make the choice of which high school to attend. Clayton testified that Maria was trying to usurp his authority. Lexi also testified in chambers and expressed opinions on which high school she would like to attend, which activities she would like to participate in, and involvement of her stepparents in making parenting decisions.

On August 3, 2018, the court notified the parties by telephone that it was denying Maria's application to modify the decree with regard to the high school for Lexi, finding that there had not been a material change in circumstances.

On January 10, 2019, the court entered an order addressing all of the applications for orders to show cause and Maria's application to modify the decree. First, the court denied both parties' initial applications to show cause, although the court "admonished" Maria and explained to her the effect of changing legal custody to Clayton. Next, in connection with Clayton's second application for show cause and his motion to restrict parenting time, the district court found that Maria was in contempt for willfully and contumaciously violating the court orders by failing to cooperate and trying to manipulate Lexi to go against Clayton's directions, despite the fact that Clayton has legal custody. Maria was ordered to pay Clayton's attorney fees in connection with Clayton's second application for show case in the amount to $5,000. The court also prohibited Maria from removing any parenting software that Clayton installs on Lexi's electronic devices. Finally, the court found that Maria's evidence with respect to her complaint to modify custody was exaggerated and without substance and denied it. The court granted Clayton attorney fees of $8,502.45 in connection with Maria's complaint to modify.

Maria appeals.

## ASSIGNMENTS OF ERROR

Maria assigns that the district court erred by (1) failing to give any credence to Lexi's wishes, as testified to in an in camera proceeding; (2) incorrectly applying the principal of sole legal custody in Nebraska; (3) finding that no material changes in circumstances had occurred, denying her complaint and finding it without merit, and not awarding her sole legal custody of Lexi.

## STANDARD OF REVIEW

Child custody determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Eric H. v. Ashley H.*, 302 Neb. 786, 925 N.W.2d 81 (2019).

## ANALYSIS

*Lexi's Wishes.*

Maria argues that the district court erred in failing to give any credence to Lexi's wishes as testified to in an in camera proceeding. Nebraska statutes state:

In determining custody and parenting arrangements, the court shall consider the best interests of the minor child, which shall include, but not be limited to, consideration of the foregoing factors and:

. . . .

(b) The desires and wishes of the minor child, if of an age of comprehension but regardless of chronological age, when such desires and wishes are based on sound reasoning.

Neb. Rev. Stat. § 43-2923(6) (Reissue 2016). While the wishes of a child are not controlling in the determination of custody, if a child is of sufficient age and has expressed an intelligent preference, the child's preference is entitled to consideration. *Leners v. Leners*, 302 Neb. 904, 925 N.W.2d 704 (2019).

Lexi testified about several subjects, such as her preferred school choice, participation in activities, and the involvement of her stepparents. Maria asserts that through Lexi's testimony, the court should have modified the decree to award Maria sole legal custody.

Although the district court did not specifically mention Lexi's testimony in its written order denying Maria's application, it cannot be said that the district court failed to consider Lexi's testimony. Further, although a minor child's preference may be entitled to consideration, the case law is clear that it is not necessarily controlling. See, *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002); *Wild v. Wild*, 15 Neb. App. 717, 737 N.W.2d 882 (2007). Our de novo review of the record leads us to conclude that Lexi's testimony was not persuasive or controlling on the issue of legal custody and the district court did not abuse its discretion in this regard.

*Application of Sole Legal Custody.*

Maria argues that the district court erred in its understanding and application of the principal of "sole legal custody" within the state of Nebraska. She challenges the court's findings regarding her actions in enrolling Lexi in the Prep Edge extracurricular workout and removing parental control software from Lexi's iPhone, which formed the basis for the court's determination that Maria was in contempt. However, Maria does not specifically assign error to the district court's finding that she was in contempt. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Hartzell*, 304 Neb. 82, 933 N.W.2d 441 (2019). Therefore, we need not address this assigned error further.

*Material Change in Circumstances.*

Maria argues that the district court erred in finding that there was no material change in circumstances and not awarding her sole legal custody of Lexi. Ordinarily, custody of a minor child will not be modified unless there has been a material change in circumstances showing that the custodial parent is unfit or that the best interests of the child require such action. *Whilde v. Whilde*, 298 Neb. 473, 904 N.W.2d 695 (2017). Maria assets that Lexi's distinct wishes regarding matters related to her life are a material change in circumstances.

Although Lexi testified as to her wishes regarding matters such as school choice and sports involvement, we have already found that her wishes were not persuasive or controlling as they relate to legal custody. Following our de novo review of this lengthy record, we agree with the district court that no material changes have occurred since the last order of modification; the parties continue to disagree on the level of Lexi's participation in activities and other matters in her life. Therefore, the district court did not abuse its discretion in denying Maria's application to modify the decree.

## CONCLUSION

For the foregoing reasons, we conclude that the district court did not abuse its discretion in denying Maria's application to modify the custody order.

AFFIRMED.